DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

SUN WEST MORTGAGE COMPANY, INC.,   )
                                    )
            **Plaintiff,**          )
                                    )
    v.                              )   Civil Action No. 2019-0036
                                    )
DANA JOHNSON,                       )
                                    )
            **Defendant.**          )
_____)

**Attorney:**
**Matthew R. Reinhardt, Esq.,**
St. Thomas, U.S.V.I.
    *For Plaintiff*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on Plaintiff Sun West Mortgage Company, Inc.'s ("Sun West") "Motion for Default Judgment" against Defendant Dana Johnson ("Defendant"). (Dkt. No. 31). For the reasons discussed below, the Court will grant Sun West's Motion.

### I.   BACKGROUND

On August 12, 2019, Sun West filed a Complaint against Defendant for a debt owed and for foreclosure of a mortgage on real property. (Dkt. No. 1). Sun West alleges that on August 12, 2016, Defendant executed—through Gerald T. Groner, Esq., Attorney-in-Fact by Power of Attorney dated August 5, 2016—a promissory note (the "Note") in which she promised to pay the principal sum of $274,928.00, plus interest at the rate of 3.75% per annum, in monthly installments of $1,272.23. *Id.* at ¶ 5; Dkt. No. 1-4. As security for the Note, Defendant executed a First Priority Mortgage (the "Mortgage"), encumbering the property described in the Warranty Deed as:

> Plot No. 30 of Estate Hermon Hill Company Quarter, St. Croix, U.S. Virgin Islands (consisting of 0.665 U.S. acres, more or less), as more particularly shown on OLG Drawing No. 1541-B dated May 5, 1965 and revised on April 24, 1967.
>
> Plot No. 29-A of Estate Hermon Hill Company Quarter, St. Croix, U.S. Virgin Islands (consisting of 0.2913 U.S. acres, more or less), as more particularly shown on OLG Drawing No. 4888, dated December 2, 1993.

(the "Property"). (Dkt. No. 1-2 at 1).[1]

The Complaint further alleges that Defendant defaulted under the terms and conditions of the Note by failing to make the monthly installment of principal and interest that became due on February 1, 2019 pursuant to the Note and the Mortgage. *Id*. at ¶ 11. By correspondence dated May 1, 2019, Sun West gave notice of default to Defendant advising that failure to cure the default would result in acceleration of the debt and foreclosure of the Mortgage. (Dkt. No. 1-7). As of the date of the Complaint, the default was not cured; payment of the debt was accelerated; and Defendant remained in default. *Id.* at ¶ 13.

Sun West seeks, *inter alia*, judgment in its favor and against Defendant: declaring that Defendant has defaulted under the terms of the Note and the Mortgage, thereby entitling Sun West to exercise all remedies provided by those documents; awarding the principal balance due plus interest, other charges, costs, expenses, and attorneys' fees; declaring that Sun West's Mortgage forecloses the interests of all other lienholders subject only to statutory redemption rights; ordering that the Property be sold with any proceeds to be applied to the sums due to Sun West; and allowing for the recovery of any deficiency judgment against Defendant. *Id*. at 6-8.

---

[1] The Complaint alleges that the "Mortgage was assigned to [Sun West] on June 26, 2019 and recorded at the Office of the Recorder of Deeds for the District of St. Croix on July 30, 2019." *Id.* at ¶ 9. Per the Assignment, Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Sun West, transferred "all its right, title, and interest" in the Mortgage to Sun West. (Dkt. No. 1-6).

On March 19, 2020, Sun West filed a request for a 60-day stay due to a foreclosure moratorium for borrowers with Federal Housing Authority-insured Single Family Mortgages in light of the COVID-19 pandemic. (Dkt. Nos. 12, 12-1). After granting several extensions of the stay at the behest of the Sun West, the Magistrate Judge lifted the stay on July 13, 2020. (Dkt. No. 21).

On July 8, 2021, Sun West filed a "Motion for Default Judgment" together with a Memorandum of Law. (Dkt. Nos. 31; 32). On November 10, 2022, the Court ordered Sun West to file an updated Affidavit of Proof to: 1) set forth the date of default; 2) explain how the principal, interest, and late charges up to and including October 31, 2020 were calculated; (3) explain the meaning of "MIP" and what sums comprise the $174.63 in "MIP," the $356.51 in pre-accelerated late charges, the $4,513.64 in escrow overdrawn, and the $4,458 in corporate advances; and (4) bring all sums, including interest, current to the date of filing. (Dkt. No. 35). The Court also ordered that the updated Affidavit should be supported by exhibits. *Id.*

On December 6, 2022, Sun West filed an updated Affidavit of Indebtedness ("Supplemental Affidavit") signed by its Foreclosure Supervisor, Christine Ramirez, along with supporting documentation. (Dkt. Nos. 37; 37-1; 37-2; 37-3; 37-4; 37-5; 37-6; 37;7; 37-8). In the Supplemental Affidavit, Ms. Ramirez attests that she has personal knowledge of the loan documents, which are maintained as part of Sun West's business records. (Dkt. No. 37-1 at 1). Based on the information provided, the indebtedness to Sun West as of December 6, 2022 includes a principal balance of $262,027.15; accrued interest from January 1, 2019 to December 6, 2022 of $38,646.53; FHA insurance premium of $166.15; late charges of $407.44; escrow overdrawn of

$15,866.85; and corporate advances of $14,619.58[2], for a total indebtedness of $331,733.70. *Id*. at 3.

To date, Defendant has not responded to Sun West's Motion for Default Judgment.

## II.    APPLICABLE LEGAL PRINCIPLES

### A.    Default Judgment

When considering a motion for default judgment, the Court accepts as true any facts contained in the pleadings regarding liability. Fed. R. Civ. P. 8(b)(6). Legal conclusions, however, are not deemed admitted, nor is the extent or amount of damages claimed by a party. *See Star Pacific Corp. v. Star Atl. Corp.*, 574 F. App'x 225, 231 (3d Cir. 2014); *Service Employees Int'l Union Local 32BJ v. ShamrockClean, Inc*., 325 F. Supp. 3d 631, 635 (E.D. Pa. 2018); Fed. R. Civ. P. 8(b)(6). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Pieczenik v. Comm'r New Jersey Dept. of Envir. Protection*, 715 F. App'x 205, 208-09 (3d Cir. 2017); *Catanzaro v. Fischer*, 570 F. App'x 162, 165 (3d Cir. 2014).

An application for entry of default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of [the] judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemember's] Civil Relief Act.

---

[2] In the Supplemental Affidavit, Ms. Ramirez states that attorneys' fees in the amount of $3,423.00 have been deducted from the corporate advances, and such fees will be sought separately after the entry of judgment. (Dkt. No. 37-1 at ¶ 15).

*Bank of Nova Scotia v. Tutein*, Civil Action No. 2017-0016, 2019 WL 2656128, at *3 (D.V.I. June 27, 2019); *see also* Fed. R. Civ. P. 55(b); *Ditech Financial LLC v. Felice*, Civil Action No. 2016-94, 2018 WL 1771558, at *2 (D.V.I. Apr. 12, 2018). Additionally, the Court must assess three factors when determining whether a default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to [defendant's] culpable conduct." *J&J Sports Productions, Inc. v. Ramsey*, 757 F. App'x 93, 95 n.1 (3d Cir. 2018) (citing *Chamberlain v. Giampapa*, 210 F.3d at 164).

### III.   DISCUSSION

To succeed in a debt and foreclosure action, the plaintiff must prove three elements: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *See Brouillard v. DLJ Mortg. Capital, Inc.*, 63 V.I. 788, 793 (2015); *see also Thompson v. Fla. Wood Treaters, Inc.*, 52 V.I. 986, 995 (D.V.I. Dec. 6, 2009) ("To establish a prima facie case for recovery under a promissory note, the holder must demonstrate execution of the note and a default in payment pursuant to its terms."); *Anthony v. FirstBank Virgin Islands*, 58 V.I. 224, 229 (V.I. 2013); 55 AM. JUR. 2D Mortgages § 604 (2019) (foreclosure requires a valid mortgage, default on part of mortgagor, and foreclosure in compliance with terms of contract).

Sun West has satisfied all of the requirements necessary to obtain a default judgment against Defendant, as confirmed by the factual allegations of the Complaint and the Motion for Default Judgment, together with the accompanying documents. Sun Trust has provided evidence to establish the elements of its foreclosure action against Defendant. Specifically, Sun West has shown that: (1) Defendant, through a Power of Attorney, executed and delivered the Note and Mortgage dated August 12, 2016 (Dkt. Nos. 1-3; 1-4; 1-5); (2) MERS assigned "all its right, title,

5

and interest" to Sun West via an Assignment of Mortgage dated June 26, 2019; (3) Defendant is in default under the terms of the Note and the Mortgage (Dkt. No. 1-7); and (4) Sun West has possession of the Note and is the holder of the Mortgage, which provides that Sun West is entitled to foreclose its lien on the Property (Dkt. No. 1-3 at ¶ 22). Accepting the factual allegations as true and in light of the accompanying documentation confirming the terms of the Note and the Mortgage, the Court finds that Sun West has established, for purposes of default judgment, the merits of its claim.

In addition to establishing the elements of its claim, Sun West has satisfied all of the requirements necessary to obtain a default judgment against Defendant. It has properly shown that: (1) Defendant was served by publication (Dkt. No. 25); (2) Defendant has not appeared in this action; (3) default was entered against Defendant by the Clerk of Court on January 11, 2021 (Dkt. No. 29); and (4) Defendant is not an infant nor an incompetent person (Dkt. No. 32-8 at 2). Further, Sun West has provided a copy of a Military Status Report from the Department of Defense Manpower Data Center establishing that Dana Johnson is not in the military service as defined in the Servicemember's Civil Relief Act, 50 U.S.C. § 3931 [formerly 50 App. U.S.C. § 526(a)] (Dkt. No. 27-1).

Sun Trust has also shown with specificity how it calculated the amount due on the account by providing the Supplemental Affidavit. (Dkt. No. 37). In reviewing the Supplemental Affidavit, along with supporting exhibits, the Court finds that the following amounts are due: principal balance of $262,027.15; accrued interest from January 1, 2019 to December 6, 2022 of $38,646.53; accrued interest from December 7, 2022 through the date of the entry of Judgment of $5,303.36[3];

---

[3] $26.9206 per diem rate *x* 197 days = $5,303.36 accrued interest.

FHA insurance premium of $166.15; late charges of $407.44; escrow overdrawn of $15,866.85; and corporate advances of $14,619.58, for a total indebtedness of $337,037.06.

Finally, the Court has considered the *Chamberlain* factors and finds that the prejudice to Sun Trust resulting from the Defendant's breach of her contractual obligations, together with the apparent absence of a litigable defense, weighs in favor of the Court granting default judgment. In addition, Defendant's default was a result of her culpable conduct as evidenced by her refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc., et al.*, Civil Action No. 2011-0059, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint).

## IV. CONCLUSION

For the reasons discussed above, the Court will grant Plaintiff Sun Trust Mortgage Company, Inc.'s "Motion for Default Judgment" (Dkt. No. 31) against Defendant Dana Johnson. Accordingly, the Court will award Judgment amount of $337,037.06 consisting of the principal balance of $262,027.15; accrued interest from January 1, 2019 to December 6, 2022 of $38,646.53; accrued interest from December 7, 2022 through the date of the entry of Judgment of $5,303.36; FHA insurance premium of $166.15; late charges of $407.44; escrow overdrawn of $15,866.85; and corporate advances of $14,619.58. The total indebtedness shall accrue interest at the federal statutory rate until the Judgment is satisfied. 28 U.S.C. § 1961(a).

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: June 21, 2023 _____/s/_____
WILMA A. LEWIS
District Judge